UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

DAVID MERO,

        Petitioner,

v.                                     **Civil No. 4:20cv38**
                                     **Criminal No. 4:17cr13**

UNITED STATES OF AMERICA,

        Respondent.


## OPINION AND ORDER

This matter is before the Court on David Mero's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 83. Additionally, Petitioner recently filed an associated "Motion to Attach Addendum." ECF No. 119. Petitioner's motion to file an addendum containing "additional information" is **GRANTED**; however, for the reasons set forth below, Petitioner's § 2255 is **DISMISSED and DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

Petitioner was charged in this Court in a criminal indictment with six felony counts, consisting of a bank and mail fraud conspiracy count, as well multiple substantive counts of bank fraud and aggravated identity theft. ECF No. 1. Petitioner initially pled not guilty to all charges and filed a motion to suppress a pre-indictment statement he made to federal law enforcement officers while he was in custody in Texas on state charges associated with alleged fraud in Texas. ECF Nos. 13, 16-17. At

the conclusion of a suppression hearing, at which Petitioner testified, this Court denied Petitioner's suppression motion. ECF No. 29. The following week, Petitioner entered a plea of guilty before a United States Magistrate Judge. Pursuant to a written plea agreement, Petitioner pled guilty to the bank and mail fraud conspiracy count as well as one count of aggravated identity theft. ECF Nos. 35, 63.

As reflected in the Presentence Investigation Report ("PSR") prepared for sentencing, Petitioner's advisory Guideline range was determined to be 92-115 months imprisonment on the conspiracy count, plus 24 months consecutive on the aggravated identity theft count. ECF No. 41. Although he was represented by counsel, Petitioner submitted a handwritten letter-motion to the Court the same week the PSR was filed asking that he be allowed to withdraw his guilty plea. ECF No. 43. Shortly thereafter, defense counsel and counsel for the Government submitted their position papers on sentencing. ECF Nos. 44, 45. Petitioner's sentencing hearing was rescheduled, and Petitioner continued mailing handwritten letters directly to the Court, including one submission that was construed by the Court as a letter-motion seeking new counsel. See, e.g., ECF Nos. 49, 50, 53. In light of Petitioner's apparent desire to obtain new counsel and/or withdraw his guilty plea, defense counsel filed a motion requesting a status hearing, ECF No. 54, and on April 3, 2018, this Court conducted such hearing, ECF No. 58. At

the conclusion of the two-hour hearing, the Court denied the letter-motion seeking new counsel and, at defense counsel's request, took under advisement the motion to withdraw the guilty plea. ECF No. 72, at 79-80. The Court explained that it was denying the first motion because there was not a complete breakdown in communication between Petitioner and his counsel (who was Petitioner's second court-appointed lawyer), but rather, there had been disagreements about the best way for the defense to proceed, with the Court further noting that Petitioner now "understands that he can proceed as he sees fit on testifying and presenting some additional evidence" at sentencing, even if such decision was not recommended by his attorney. Id. at 78. Less than a week after the hearing, defense counsel informed the Court that, after further discussions with Petitioner, Petitioner did not wish to withdraw his guilty plea.

On April 23, 2018, Petitioner appeared before the Court for his sentencing hearing. At the outset of the hearing, the Government noted that it had agreed with Petitioner's request that Petitioner be provided with an updated plea agreement with certain paragraphs deleted. ECF No. 73, at 5. Defense counsel confirmed that the updated plea agreement was the same as the original agreement, with the exception of the deletions, and that it was the request of the defense that the Court accept the updated plea agreement (which covered identical counts and punishments as the

original plea agreement). <u>Id.</u> at 5-6. Defense counsel further explained to the Court, on the record, that Petitioner <u>understood that his plea agreement had a waiver of appeal</u>, but that Petitioner still "wants" to reserve his right to appeal; counsel explained to the Court that he had told Petitioner that counsel would file an appeal if instructed to do so, but had explained to Petitioner the legal effect of the written plea waiver. <u>Id.</u> at 6. The Court accepted the updated plea agreement and made a finding of guilt. <u>Id.</u> at 7-8. The Court then addressed numerous sentencing objections advanced by the defense, including, among others, a challenge to the U.S.S.G. § 2B1.1 firearm enhancement (the Court resolved credibility conflicts in favor of the Government); the U.S.S.G. § 3C1.1 obstruction enhancement (the Court found that Petitioner's testimony at the suppression hearing was false, was material, and was made with the willful intent to deceive), and the denial of acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.[1] At the conclusion of the sentencing hearing, which lasted most of the day and included testimony from Petitioner and a witness for the Government, Petitioner was sentenced to 116 months imprisonment (92 months on the conspiracy count and 24

---

[1] Defense counsel filed additional objections to the advisory Guideline calculation that were also addressed at sentencing, including a challenge to the role enhancement (U.S.S.G. § 3B1.1) and a challenge to the loss amount and number of victims (U.S.S.G. § 2B1.1). ECF No. 44. Counsel also argued for a downward variance pursuant to 18 U.S.C. § 3553(a). <u>Id.</u>

consecutive months on the aggravated identity theft count), a sentence at the low-end of the advisory Guideline range. The remaining counts of the indictment were dismissed.

Petitioner appealed his conviction and sentence on the following four grounds: "(1) he did not knowingly and voluntarily waive his right to appeal; (2) his Sixth Amendment rights were violated when federal agents interviewed him while he was in custody in Texas on related state charges; (3) his sentence is procedurally and substantively unreasonable because the district court did not sufficiently consider his nonfrivolous arguments for a downward departure; and (4) he received ineffective assistance of counsel because his trial counsel did not file a motion to suppress certain cell-site location information ("CSLI") evidence that the Government obtained without a warrant." United States v. Mero, 755 F. App'x 336, 336 (4th Cir. 2019). The Fourth Circuit dismissed the appeal, finding: (1) Petitioner's "waiver of appellate rights [was] knowing and voluntary"; (2) Petitioner's second and third arguments fell within his valid appeal waiver; and (3) "the record does not conclusively show that counsel was ineffective" for failing to file a motion to suppress in light of a circuit split on whether a warrant was constitutionally necessary before investigators could obtain CSLI, further noting that "[a]t the time trial counsel acted, a warrant was not required in this

circuit to obtain CSLI from a third-party service provider." Id. at 336-37.

After his appeal was decided, Petitioner timely filed the instant § 2255 motion, raising four grounds for relief: (1) Petitioner did not knowingly waive his appeal rights; (2) trial counsel was ineffective for failing to file a motion to suppress CSLI data; (3) Defendant's custodial statement to agents in Texas was elicited in violation of the Sixth Amendment, and Defendant's Guidelines were improperly inflated based on information "from Texas"; and (4) Defendant's sentence was procedurally and substantively unreasonable. ECF No. 83, at 4-8. The Government filed a detailed response in opposition (as well as an affidavit from trial counsel), arguing that Petitioner's claims are procedurally improper and/or lack merit. ECF No. 107. Petitioner filed a reply and subsequent motion to supplement, both of which are considered by the Court. ECF Nos. 117, 119.

## II. STANDARD OF REVIEW

A § 2255 motion is essentially a statutory federal habeas corpus action that collaterally attacks a sentence or conviction through the filing of a new proceeding, as contrasted with a direct appeal. United States v. Hadden, 475 F.3d 652, 663 (4th Cir. 2007). To obtain § 2255 relief, a petitioner bears the burden of proving that his sentence or conviction was "imposed in violation of the Constitution or laws of the United States," that the

district court "was without jurisdiction to impose such sentence," that the sentence exceeds "the maximum authorized by law," or that the sentence or conviction is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A petitioner must prove the asserted grounds for relief by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

The existence of the right to pursue a collateral attack does not displace a direct appeal as the "usual and customary method of correcting trial errors." United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999). On the contrary, with limited exceptions, a petitioner advancing new claims asserted for the first time in a § 2255 motion "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). The "higher hurdle" applies because, once a Petitioner's opportunity to pursue a direct appeal has been waived or exhausted, there is "a final judgment [that] commands respect." Id. at 164-65. Accordingly, the doctrine of procedural default generally prevents a district court from reaching the merits of § 2255 claims that were not raised on direct appeal unless a petitioner can show: (1) "cause" excusing the failure to directly appeal such alleged errors; and (2) "actual prejudice resulting from the errors of which he complains." United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999).

"The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010) (quoting Mikalajunas, 186 F.3d at 493). As for prejudice, it is not enough for a petitioner to demonstrate "a possibility of prejudice," but rather, he must show that errors "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Frady, 456 U.S. at 170.

A § 2255 petitioner need not, however, overcome the procedural default bar to advance a freestanding claim of ineffective assistance of counsel, which is properly asserted for the first time in a § 2255 motion. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) ("[I]t is well settled that 'a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.'" (quoting United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992))).[2] To obtain relief based on an allegation of ineffective assistance, a petitioner must establish both that: (1) counsel's performance

---

[2] Such rule exists because the Federal Rules Governing § 2255 Proceedings permit expansion of the record, which is generally unavailable on direct appeal and may be necessary to properly resolve an ineffective assistance claim. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010) (citing Massaro v. United States, 538 U.S. 500, 504-06 (2003)).

was so deficient that it fell below an objective standard of reasonableness; and (2) counsel's inadequate performance resulted in prejudice to the petitioner. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Conclusory statements that fail to identify counsel's deficiencies are insufficient to carry a petitioner's burden. See United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) ("[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court.") (quotation marks and citation omitted).

Satisfying the first prong of Strickland requires a petitioner to establish that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. Reviewing courts strongly presume that counsel exercised reasonable professional judgment, and only in "relatively rare situations" will a § 2255 motion establish that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Tice v. Johnson, 647 F.3d 87, 102 (4th Cir. 2011) (quoting Strickland, 466 U.S. at 690). In reviewing counsel's performance, "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466

U.S. at 689. Furthermore, a petitioner must go beyond demonstrating that counsel's performance was below average because "effective representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978); see Strickland, 466 U.S. at 687. As explained by the Fourth Circuit, the "basic lesson" of Strickland is not just deference but high deference, and attorneys are permitted to "be selective and strategic" in determining how to defend a case. United States v. Mason, 774 F.3d 824, 828, 830 (4th Cir. 2014).

The second prong of Strickland requires a petitioner to "affirmatively prove prejudice," which requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 693-94. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The prejudice prong is slightly modified where, as here, a petitioner challenges a conviction entered after a guilty plea; in such circumstances, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988) (citation omitted). Additionally, alleging ineffective assistance of counsel following a guilty plea entered during a properly conducted Rule 11 plea colloquy requires a

petitioner to overcome the "formidable barrier" of his sworn testimony at that proceeding. United States v. White, 366 F.3d 291, 295-96 (4th Cir. 2004). Accordingly, a "district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the [petitioner's] sworn statements" at the plea hearing. United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

### III. DISCUSSION

As indicated above, Petitioner raises four grounds for relief in his § 2255 motion. The Court addresses each in turn.

### A. Ground One: Appeal Waiver was Involuntary

First, Petitioner continues to challenge the validity of his appeal waiver, arguing that it was not knowing and voluntary. However, as noted above, this precise claim was already raised before the Fourth Circuit on direct appeal, and it was squarely addressed and denied by the Fourth Circuit. Mero, 755 F. App'x at 336-37. The right to file a § 2255 motion does not present a habeas petitioner the opportunity to re-litigate matters already decided on direct appeal. See Dyess, 730 F.3d at 360 ("[I]t is well settled that [a petitioner] cannot 'circumvent a proper ruling . . . on direct appeal by re-raising the same challenge in a § 2255 motion.'" (quoting United States v. Linder, 552 F.3d 391, 396 (4th Cir. 2009))); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (finding that the district court properly

11

concluded that issues previously decided by the Fourth Circuit on direct appeal could not be re-raised or "recast[] under the guise of collateral attack"). Accordingly, Petitioner's first ground for relief is **DISMISSED** as procedurally improper.

Alternatively, even if Petitioner's first claim were properly before this Court, for the reasons set forth in greater detail in the Government's opposition brief, ECF No. 107, at 22-27, such claim lacks merit and is therefore **DENIED**. As the Fourth Circuit concluded, the record demonstrates that Petitioner's waiver was knowing and voluntary, and Petitioner has not presented any new evidence that undercuts the validity of such finding. As argued by the Government, the record indicates that Petitioner affirmed, under oath, that he read the plea agreement, that his attorney fully explained it to him, that he understood that he was waiving his right to appeal, that he will not appeal his conviction or any lawful sentence imposed by the court, and that he was entering the plea agreement freely and voluntarily. ECF No. 57, at 10, 19-20.[3] "[I]n the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are

---

[3] To the extent Petitioner argues in his reply brief that he never agreed to the modified plea agreement accepted by the Court at the sentencing hearing (the modification coming at the request of the defense and having no impact on the terms of the appeal waiver), Petitioner was expressly asked by the Court whether there was any reason the Court should not accept the modified plea agreement and make a finding of guilt, and Mr. Mero said that there was none. ECF No. 73, at 7.

always 'palpably incredible' and 'patently frivolous or false.'" Lemaster, 403 F.3d at 221 (citations omitted); Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). Additionally, the magistrate judge accepting the plea, the same judge that explained the effect of the written appeal waiver, concluded that the plea was knowing and voluntary. ECF No. 57, at 23; ECF No. 35. Furthermore, the sentencing record illustrates that although Petitioner was not happy about his appeal waiver,[4] wanted to appeal, and had asked his counsel to appeal the same day that he was sentenced, Petitioner was aware of the effect of his waiver as defense counsel had discussed such matter with Petitioner in a manner that counsel believed Petitioner understood. ECF No. 73, at 6; see Blackledge, 431 U.S. at 74 (explaining that "representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings"). In summary, the Court finds both that Petitioner's first claim is improperly raised because it

---

[4] Petitioner's § 2255 motion further suggests that Petitioner always understood the appeal waiver, but that he never liked the idea of waiving his right to appeal. See ECF No. 83, at 4 ("The government would not negotiate the waiver of Mr. Mero's right to ask the court to review either the suppression ruling or the procedural and substantive reasonableness of Mr. Mero's sentence."). Petitioner's well-documented dissatisfaction with one of the terms of the plea bargain that the Government was willing to offer is a far cry from demonstrating involuntariness.

was squarely addressed on direct appeal and that it alternatively lacks merit.

## 2. Ineffective Assistance of Counsel - CSLI

Petitioner next argues that his counsel was ineffective for failing to challenge the Government's acquisition of CSLI data in this case pursuant to a court order, rather than through obtaining a warrant. This claim was already raised on direct appeal, and the Fourth Circuit concluded that the record failed to conclusively demonstrate that defense counsel provided constitutionally deficient performance. Although Petitioner has the right to re-raise such claim through a timely filed § 2255 motion (as this Court has the authority to expand the record during its § 2255 review), Petitioner's § 2255 motion fails to identify new facts/evidence in support of his claim, and after consideration of the additional evidence offered by the Government (defense counsel's explanation as to why he did not perceive the CSLI data as particularly relevant in this case), and the Petitioner's reply brief response, the Court finds that Petitioner fails to demonstrate that counsel provided constitutionally deficient performance by failing to challenge the admissibility of such data. See Tice, 647 F.3d at 102; Strickland, 466 U.S. at 690.

Alternatively, even assuming that counsel provided deficient representation by failing to raise a CSLI challenge, Petitioner fails to demonstrate that he suffered prejudice as a result, a

showing that is required under Strickland's second prong. First, this Court's ruling on the suppression motion that was filed in this case and Petitioner's decision to plead guilty both occurred in July of 2017. At that time, the controlling law in this Circuit provided that a warrant was not required to obtain historical CSLI, United States v. Graham, 824 F.3d 421, 424–25 (4th Cir. 2016) (en banc), and thus, any motion to suppress CSLI data would have been denied.

Second, to the extent Petitioner argues that defense counsel should have preserved this issue such that Petitioner could later benefit from the Supreme Court's later decision in Carpenter v. United States, 138 S. Ct. 2206 (2018), Petitioner fails to demonstrate that Carpenter would have provided him any benefit on appeal or collateral attack in light of the "good faith" exception to the warrant requirement. Notably, as explained by the Fourth Circuit in a case where the government obtained CSLI "through a court order issued under the Stored Communications Act," rather than through obtaining a warrant:

> While Carpenter is obviously controlling going forward, it can have no effect on [the defendant's] case. The exclusionary rule's "sole purpose . . . is to deter future Fourth Amendment violations." Davis v. United States, 564 U.S. 229, 236-37 (2011). Thus, when investigators "act with an objectively 'reasonable good-faith belief' that their conduct is lawful," the exclusionary rule will not apply. Id. at 238 (quoting United States v. Leon, 468 U.S. 897, 909 (1984)). Objectively reasonable good faith includes "searches conducted in reasonable reliance on subsequently

invalidated statutes." Id. at 239. [The defendant] does not, and cannot, deny that investigators in this case reasonably relied on court orders and the Stored Communications Act in obtaining the cell site records. Without question, then, the good-faith exception to the exclusionary rule applies to investigators' actions here.

United States v. Chavez, 894 F.3d 593, 608 (4th Cir. 2018).

Third, and finally, Petitioner fails to credibility demonstrate that he would not have pled guilty had the admissibility of the CSLI been successfully challenged in light of the other admissible evidence against Petitioner, to include his incriminating statement to investigators in Texas. See United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012) (explaining that a petitioner must demonstrate both that he would have insisted on going to trial and that the "decision to go to trial would have been objectively rational"). For all of the above reasons, Petitioner's ineffective assistance claim predicated on failure to challenge CSLI is **DENIED**.

In addition to the CSLI challenge, Petitioner broadly asserts in his § 2255 motion that "the record is replete with examples of problems with Mr. Mero and his trial counsel," to include Mr. Mero's dissatisfaction with defense counsel's refusal to file certain motions. ECF No. 83, at 5. To the extent such assertion is intended to suggest that defense counsel performed deficiently in other ways, and/or that the record in its current form demonstrates ineffective assistance of counsel, such claim is

16

**DENIED** as: (1) the Fourth Circuit already rejected the claim that the record demonstrates constitutionally deficient performance; (2) Petitioner fails to articulate the basis for any ineffective assistance claim beyond the CSLI issue, Dyess, 730 F.3d at 360; (3) Petitioner fails to demonstrate that constitutional error was committed merely because counsel and Petitioner did not agree on what motions should be pursued; and (4) Petitioner fails to demonstrate that he suffered Strickland prejudice based on any strategic disagreements and/or counsel's decision not to file additional motions.[5]

### 3. Sixth Amendment Violation - Custodial Interview

Petitioner next argues that his Sixth Amendment right to counsel was violated based on his custodial interview by federal agents while he was in Texas and represented by counsel on state charges. Petitioner's contention that his custodial statement was unconstitutionally obtained was fully litigated in this Court prior to his guilty plea, and Petitioner re-raised this issue on appeal. The Fourth Circuit found that such claim fell within the scope of Petitioner's valid appeal waiver, and declined to consider

---

[5] Petitioner's reply brief appears to attempt to raise additional claims of ineffective assistance that were not set forth in his § 2255 motion. ECF No. 117, at 4-8. Such claims (failure to investigate or to negotiate a better plea deal) are dismissed as improperly raised in a reply brief and/or filed outside the one-year limitations period as they do not "relate back" because they are entirely new theories for relief. Alternatively, the Court denies such claims on the merits as Petitioner fails to demonstrate both prongs of Strickland, most notably, resulting prejudice.

its merits. Petitioner's claim, therefore, cannot be re-litigated on collateral review. <u>Dyess</u>, 730 F.3d at 360; <u>see</u> <u>Linder</u>, 552 F.3d at 396-97 ("Where the petitioner only waives the right to appeal, he is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that <u>could have</u> been raised on appeal." (quoting Brian R. Means, Fed. Habeas Practitioner Guide, Jurisdiction ¶ 1.23.0 (2006/2007)). Rather, as argued by the Government, such claim is procedurally defaulted and Petitioner fails to demonstrate "cause and prejudice" for such default, or alternatively, that he is actually innocent or that a miscarriage of justice would occur if this Court does not take up his defaulted claim. <u>See</u> <u>Jones v. United States</u>, No. 2:14cr132, 2016 WL 10575171, at *4 (E.D. Va. Sept. 6, 2016) ("A waiver of appeal does not excuse a procedural default of a claim under 28 U.S.C. § 2255."). Petitioner's third claim is therefore **DISMISSED.**

Alternatively, even if the suppression claim was properly before this Court, Petitioner fails to demonstrate that a constitutional violation occurred.[6] Based on findings previously made by this Court in this case, including the finding that

---

[6] In support of his claim, Petitioner's reply brief cites the suppression hearing transcripts. ECF No. 117, at 10. This Court, however, made credibility findings against Petitioner when denying his suppression motion, and Petitioner's § 2255 argument fails to undercut such findings or otherwise demonstrate that Petitioner is entitled to habeas relief.

Petitioner did not testify credibly at the suppression hearing, Petitioner fails at this time to demonstrate that his inculpatory statement to agents was improperly admitted, and thus, his constitutional claim is **DENIED.**

### 4. Sentencing Challenge

Petitioner's final § 2255 claim asserts that his sentence was procedurally and substantively unreasonable. Such direct challenge to Petitioner's sentence fails for multiple reasons. First, it was raised and dismissed on direct appeal and may not be relitigated here. <u>Dyess</u>, 730 F.3d at 360. Second, such claim is procedurally defaulted and Petitioner fails to demonstrate "cause and prejudice" for such default or that a miscarriage of justice would occur if this Court does not take up his defaulted claim. <u>Jones</u>, 2016 WL 10575171, at *4. Third, a sentencing challenge is generally not permissible in a § 2255 motion as long as the sentence is within the statutory maximum because sentencing defects are rarely of "constitutional magnitude." <u>United States v. Foote</u>, 784 F.3d 931, 942 (4th Cir. 2015).[7]

Alternatively, as argued by the Government, even if it were proper for this Court to consider the merits of Petitioner's

---

[7] Petitioner's reply brief and later addendum offer several challenges to the advisory Guideline calculation applied in this case; however, these claims are similarly not cognizable on collateral review, and even if they were, they fail to demonstrate that § 2255 relief is warranted. <u>Foote</u>, 784 F.3d at 942.

sentencing challenge, Petitioner's § 2255 motion fails to demonstrate that any procedural or substantive error was committed at sentencing. The Court conducted a thorough sentencing hearing, addressed six Guideline objections, applied the Guidelines as advisory, and imposed a low-end Guideline sentence. No cognizable error has been demonstrated, and Petitioner's sentencing challenge is therefore **DISMISSED** as procedurally improper and is alternatively **DENIED** on the merits.

### IV. CONCLUSION

For the reasons stated above, Petitioner's motion to supplement his § 2255 motion is **GRANTED**, ECF No. 119; however, his § 2255 habeas motion is **DISMISSED and DENIED**.[8] ECF No. 83.

Finding that the procedural basis for dismissal of Petitioner's § 2255 motion is not debatable, and alternatively finding that Petitioner has not made a "substantial showing of the denial of a constitutional right" or that a fundamental defect resulted in a miscarriage of justice, a certificate of appealability for Petitioner's § 2255 motion is **DENIED**. 28 U.S.C. § 2253(c); see Rules Gov. § 2255 Proc. for U.S. Dist. Cts. 11(a); Miller-El v. Cockrell, 537 U.S. 322, 335-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-85 (2000).

---

[8] The Court notes that it has reviewed all of Petitioner's claims, including his untimely and undeveloped claim of "judicial bias" as set forth on the last page of his reply brief, ECF No. 117, at 14, and finds that no claim before the Court warrants § 2255 relief or further discovery.

Petitioner is **ADVISED** that because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. Fed. R. App. P. 22(b); Rules Gov. § 2255 Proc. for U.S. Dist. Cts. 11(a). If Petitioner intends to seek a certificate of appealability from the Fourth Circuit, he must do so **within sixty (60) days** from the date of this Opinion and Order. Petitioner may seek such a certificate by filing a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to Petitioner and to counsel for the Government.

**IT IS SO ORDERED.**

/s/ Mark S. Davis
Chief United States District Judge

Norfolk, Virginia
July  16 , 2021